USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
CARLOS VELASCO LOPEZ,

        Petitioner,

  -against-

THOMAS DECKER, *New York Field Office Director for U.S. Immigration and Custom Enforcement,* KIRSTJEN NIELSON, *Secretary of the U.S. Department of Homeland Security,* JAMES MCHENRY, *Director of the Executive Office for Immigration Review,* and WILLIAM BARR, *Attorney General of the United States,*

        Respondents.
--------------------------------------------------------------- x

19-cv-2912 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

  Carlos Velasco Lopez (hereinafter, "Petitioner" or "Mr. Velasco"), a detained immigrant in the midst of removal proceedings, petitions this Court for a writ of habeas corpus to release him from custody or order a new bond hearing with a different procedural requirement. Mr. Velasco asserts that his detention, which began on February 2, 2018, rests on the unconstitutional requirement that he bear the burden of persuading the Immigration Court that he is not a flight risk and that his release on bond does not pose a danger to the community. Respondents contest that Mr. Velasco failed to exhaust his claims prior to seeking habeas relief from this Court.[1] After careful consideration, this Court concludes that, Mr. Velasco exhausted the claims presented in his first Bond Hearing by appealing the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). While Mr. Velasco failed to exhaust the claims presented in his

---

[1] Respondents are Thomas Decker, the New York Field Office Director for U.S. Immigration and Custom Enforcement, Kirstjen Nielson, Secretary of the U.S. Department of Homeland Security, James McHenry, the Director of the Executive Office for Immigration Review, and William Barr, the Attorney General of the United States. *See* ECF No. 1.

second Bond Hearing, this Court excuses Mr. Velasco's failure to exhaust due to the futility of any potential appeal of the constitutional issues presented in this case. This Court joins the ever-growing body of persuasive authority and concludes that the Due Process Clause of the Fifth Amendment requires the Government to bear the burden of justifying Mr. Velasco's detention, and it is required to do so by clear and convincing evidence. For the reasons mentioned and those included herein, Mr. Velasco's Petition is granted, in part.

## PROCEDURAL HISTORY

Mr. Velasco filed a Petition for a Writ of Habeas Corpus ("Petition") on April 2, 2019. ECF No. 1. On April 9, 2019, the Parties submitted a proposed briefing and argument schedule, which the Court adopted. ECF Nos. 6-7. On April 26, 2019, in accordance with the briefing schedule, the Government filed an Opposition to Petitioner's Petition, along with a Declaration and Memorandum of Law. ECF Nos. 10-12. Petitioner filed a Response shortly thereafter, on May 3, 2019. ECF No. 13. The Court then held Oral Argument on May 8, 2019. *See* ECF.

Having thoroughly considered the arguments made in open court along with the briefs prepared by the Parties, Petitioner's Petition is hereby **GRANTED**, in part.

## BACKGROUND

The facts pertinent to the disposition of the instant Petition are largely undisputed and are drawn from the Petition.

On February 2, 2018, Mr. Velasco was detained by Respondents. Pet'r's Br. ¶ 2, ECF No. 1 ("Petition"). Petitioner had an initial Bond Hearing on May 14, 2018. *Id.* ¶ 43. At the initial hearing, Petitioner submitted evidence and exhibits in the form of letters from his support network, documentation of his participation in alcoholics anonymous, and letters from a social worker. *Id.* On June 21, 2018, the Immigration Judge presiding over Petitioner's removal

2

proceedings denied Mr. Velasco's first bond application. *Id.* ¶ 44. It is undisputed that at the first Bond Hearing, the Immigration Judge placed the burden on Mr. Velasco to show that a release on bond would not pose a danger to the community and that Mr. Velasco was not a flight risk. *Id.*

Shortly thereafter, on July 19, 2018, Petitioner appealed the decision on the initial bond application. *Id.* ¶ 45. On August 7, 2018, Mr. Velasco submitted a renewed bond request with the Immigration Court based on "changed circumstances" under 8 C.F.R. § 1003.19(e).[2] *Id.* ¶ 46. On August 17, 2018, the BIA issued an order affirming the Immigration Judge's initial determination. *Id.* ¶ 45. In anticipation of his second Bond Hearing, Mr. Velasco produced evidence including documents discussing underlying charges and convictions, letters detailing his mother's illness, and other exhibits in support of his application. *Id.* On October 10, 2018, Mr. Velasco appeared for his second Bond Hearing. *Id.* ¶ 47. In accordance with agency policy, and consistent with the first Bond Hearing, the Immigration Judge placed the burden on Mr. Velasco to justify his release and denied his second bond application. *Id.* ¶¶ 47, 53, 82. That same day, Mr. Velasco submitted an I-589 application for relief from removal. *Id.* ¶ 48. A hearing is currently scheduled for May 21, 2019.

## DISCUSSION

### I. Exhaustion

Courts are in agreement that "there is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus." *Joseph v. Decker*, 2018 WL 6075067, *5 (S.D.N.Y. Nov. 21, 2018) (quoting *Nativi v. Shanahan*, 2017 WL 281751, *1 (S.D.N.Y. Jan. 23, 2017)); *see Torres v. Decker*, 2018 WL 6649609, *2 (S.D.N.Y. Dec. 19, 2018). However, courts in this District routinely require

---

[2] The changed circumstances cited by Petitioner relate to the dismissal of assault charges previously levied against him. Petition ¶ 46.

3

exhaustion as a prudential matter. *Michalski v. Decker*, 279 F.Supp.3d 487, 495 (S.D.N.Y. Jan. 23, 2017) (citing *Nativi*, 2017 WL 281751, *1). The purpose of prudential exhaustion is to, among other things, provide the agency with a chance to correct its own errors, protect the authority of administrative agencies, conserve judicial resources, limit interference in agency affairs, develop the factual record, increase efficiency, and resolve issues to render judicial review unnecessary. *Joseph*, 2018 WL 6075067, *5; *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

### a. Mr. Velasco Sufficiently Exhausted the Claims Presented in His First Bond Hearing

The Court finds that Petitioner successfully exhausted his claims prior to initiating this case in federal court. It is undisputed that Mr. Velasco had his first Bond Hearing on May 14, 2018.[3] Petition ¶ 43. In accordance with the burden placed on Petitioner by the Immigration Judge to justify his release on bond, Petitioner presented evidence. *Id.* ¶ 44. Petitioner submitted letters, exhibits, and other relevant documents that spoke to any potential danger he posed to the community as well as any risk of flight his release would give rise to. *Id.* The Immigration Judge considered this evidence and rendered a decision on June 21, 2018. *Id.* Petitioner appealed that decision on July 19, 2018. *Id.* The BIA affirmed the Immigration Judge's decision on August 17, 2018. *Id.*

Regarding Petitioner's first Bond Hearing, the purposes of prudential exhaustion have been served. The BIA had a chance to correct any errors in judgment or procedure, the authority of the administrative agency has been protected, judicial resources were conserved and the appeals process increased efficiency, the federal court did not interfere with agency affairs, the

---

[3] Mr. Velasco also filed a Motion to Terminate the charge of removability shortly after he was detained on February 2, 2018. Petition ¶ 42.

factual record was developed in a detailed manner, and, up until the BIA decision on appeal, judicial review was unnecessary. *See Joseph*, 2018 WL 6075067, *5. Thus, Petitioner sufficiently exhausted the claims presented in his first Bond Hearing.

### b. Mr. Velasco's Failure to Exhaust the Claims Presented in his Second Bond Hearing is Excused

Following the filing of an appeal of his first Bond Hearing, and citing a change in circumstances, Petitioner requested a subsequent bond hearing. Petition ¶ 46. A second Bond Hearing was held on October 10, 2018. *Id.* ¶ 47. The issues presented in the second Bond Hearing were substantially similar to the issues presented both in the first Bond Hearing as well as the BIA appeal. *See* Petition. Once again, in accordance with his burden to justify his own release, Petitioner presented evidence in the form of exhibits, documents, letters, and court records. *Id.* ¶ 46. After considering the evidence presented by Petitioner, the Immigration Judge issued a decision on the second Bond Hearing, yet again denying Mr. Velasco's subsequent bond application. *Id.* Mr. Velasco did not appeal the second Bond Hearing decision, thus failing to exhaust his claims.

If a petitioner fails to exhaust his or her administrative remedies, a district court may, in its discretion, excuse exhaustion in four circumstances: when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a petitioner has raised substantial constitutional questions. *See Michalski*, 279 F.Supp.3d at 495 (S.D.N.Y. 2018) (citing *Beharry*, 329 F.3d at 62)). Regarding the third circumstance, an administrative appeal may be futile "where the agency has predetermined the issue before it." *Brevil v. Jones*, 2018 WL 5993731, *3 (S.D.N.Y. Nov. 14, 2018) (citing *Araujo-Cortes v. Shanahan*, 35 F.Supp.3d 533, 538 (S.D.N.Y. 2014)).

5

Here, any appeal of the constitutional issues in this case would be futile, and thus Petitioner is excused from any failure to exhaust his claims. First, the BIA has made it explicitly clear that "the burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond." *Bevil*, 2018 WL 5993731, *3 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)); *see* 8 C.F.R. § 1003.19(e) ("Such an alien must first demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview.") Furthermore, there is no indication that the BIA has altered the burden at any point on an individualized basis for any immigrant seeking relief from detention proceedings. *See Nativi*, 2017 WL 281751, *2. Although the Government rests its laurels on the idea that the BIA altering their entire standard is a "possibility," the Government fails to cite any case law or give any examples of decisions by the BIA that indicate willingness or desire to alter their own policy of placing the burden on immigrants to prove, by clear and convincing evidence, that they are neither a danger to the community nor a risk of flight. Thus, this Court deems the issue of the current burden as predetermined. Additionally, even if Petitioner appealed the issue of the burden, the only questions the BIA could render a decision on would be the burden of proof in a statutory context. *Michalski*, 279 F.Supp.3d at 496 (citing *Omar Mejia Rojas*, 2014 WL 1120179, *1 (BIA Jan. 31, 2014) (stating that the BIA "has no authority to consider ... arguments concerning the constitutionality of his detention.")). In other words, the BIA has no authority address issues pertaining to the Constitution.

For those reasons, even though Petitioner did not exhaust the claims presented in his second Bond Hearing, this Court holds that Petitioner is excused from the prudential exhaustion

requirement because any appeal of the constitutional issues presented by Petitioner in this case would be futile.

**II.     Placing the Burden on Mr. Velasco to Justify His Release is Unconstitutional**

"No person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is axiomatic that an individual must remain free from imprisonment, government custody, or detention void of adequate procedural protections. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The founding values and fundamental protections promulgated by the Due Process Clause undoubtedly extend to immigrants in the context of deportation proceedings. *Zuniga-Perez v. Sessions*, 897 F.3d 114, 122 (2d Cir. 2018) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). While detention during deportation proceedings comports with the Constitution, as the Fifth Amendment states, that detention must not occur in the absence of due process. *See Demore v. Kim*, 538 U.S. 510, 523 (2003); *Darko v. Sessions*, 342 F.Supp.3d 429, 434 (S.D.N.Y. 2018). The Second Circuit has held that due process requires that a detained immigrant be granted a bail hearing at which the Government must establish, by clear and convincing evidence, that the immigrant poses a risk of flight or danger to the community. *See Lora v. Shanahan*, 804 F.3d 601, 616 (2d Cir. 2015); *Darko*, 342 F.Supp.3d at 35-36. While *Lora* is no longer binding authority, every court to have considered the constitutional issue presented in this case has agreed with is persuasive logic – under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a). *Darko*, 342 F.Supp.3d at 436 (quoting *Linares v. Decker*, 2018 WL 5023946, *2 (S.D.N.Y. Oct. 17, 2018)). In accordance with the Constitution, this Court agrees. It is the Government's burden to justify their detention of an immigrant by clear and convincing evidence.

7

## CONCLUSION

For the aforementioned reasons, Mr. Velasco's Petition is hereby **GRANTED**, in part. The Government is hereby **ORDERED** to take Mr. Velasco before an immigration judge for an individualized bond hearing within seven calendar days of this Opinion and Order. At that hearing, in accordance with the Constitution, the Government shall bear the burden of demonstrating, by clear and convincing evidence, that Mr. Velasco is a danger to the community and a risk of flight. In the event the Government fails to provide Mr. Velasco with such a bond hearing within seven calendar days, the Government is hereby **ORDERED** to release Mr. Velasco immediately.

Petitioner is hereby **ORDERED** to submit a Joint Status Report on or before May 20, 2019. Petitioner should inform the Court of his position on his remaining claims.

**SO ORDERED.**

Dated: May 15, 2019
New York, New York

_____
HON. ANDREW L. CARTER, JR.
**United States District Judge**